IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LANCE SHARP, et al., | ) | 1:07cv1621 AWI DLB |
| | ) | |
| | ) | ORDER TRANSFERRING CASE |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LORENZ SENIOR HOUSING, INC., et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

    Plaintiffs filed the instant action pursuant to the Americans with Disabilities Act of 1990, on November 8, 2007.

    The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

    In this case, Plaintiffs' causes of action arose in Shasta County, which is in the Eastern District of California, Sacramento Division. It also appears that most, if not all, Defendants reside in Shasta County. Therefore, Plaintiffs' action should have been filed in the Sacramento Division. In

1   the interest of justice, a federal court may transfer a complaint filed in the wrong district to the
2   correct district.  <u>See</u> 28 U.S.C. § 1406(a);  <u>Starnes v. McGuire</u>, 512 F.2d 918, 932 (D.C. Cir. 1974).
3            Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
4   District Court, Eastern District of California, Sacramento Division.
5
6        IT IS SO ORDERED.
7        **Dated:    December 20, 2007**                  **/s/ Dennis L. Beck**
                                                           UNITED STATES MAGISTRATE JUDGE
8
9
10
...
28                                         2